UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN FLOURNOY,<br>CDCR #F-25814,<br><br>               Plaintiff,<br><br>v.<br><br>R. ACEVEDO, Warden; A. RAYES, Associate Warden; J. MARTINEZ, Facility Captain; A. REECE, Lieutenant; D. EUSTAQUIO, Sergeant; B. LOUIE, Sergeant; K. MANSFIELD, Sergeant; A. SOLANO, Sergeant; R. SEGOVIA, Sergeant; A. CUEVAS, Peace Officer; R. ROMO, Peace Officer; A. OLMOS, Peace Officer; O. YLV, Peace Officer; E. VELASCO, Peace Officer; M. VILORIA, Peace Officer; V. ROMERO, Peace Officer; O. GALINDO, Peace Officer; M. BLAICDEL, Medical Doctor; and A. HERNANDEZ, Registered Nurse,<br><br>               Defendants. | Case No.: 26-cv-0229-WQH-DEB<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Benjamin Flournoy ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.

1

On March 26, 2026, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") and dismissed his Complaint (ECF No. 1) with leave to amend for failure to state a claim. (ECF No. 7.)

On April 15, 2026, Plaintiff filed the operative First Amended Complaint ("FAC"). (ECF No. 8.)

## I.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.    Legal Standard

Because Plaintiff is a prisoner proceeding IFP, his FAC requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.* at 678–79. Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).

### B.   Allegations in the FAC

Plaintiff alleges that, on April 13, 2025, while walking from his housing unit to the medical clinic along a walking path created for that purpose by the California Department of Corrections and Rehabilitation ("CDCR") Facility Planning Construction and Management Department, whose design criteria is required to be approved by officials such as Defendants Warden Acevedo, Associate Warden Rayes, Facility Captain Martinez and Sergeant Solano, he tripped "over an out of place ditch or trench," which did not have a warning or caution sign and where accessibility under the Americans with Disabilities Act ("ADA") "is supposed to be ensured in all places with regular foot traffic." (FAC at 9–10.)

Plaintiff fell and sustained injuries "which bruised his elderly body in multiple places including his face and scraping his shins and knees," and which were sufficiently severe "that he required medical attention beyond the institution's medical clinical capacities." *Id.* at 10. Plaintiff alleges that Defendants' failure to provide notice of the hazardous condition or maintain the walkway with a heightened degree of care amounted to deliberate indifference to a substantial risk to his health and safety. *Id.* at 10–11.

Plaintiff alleges that, on August 28, 2025, he was returning to his housing unit from breakfast using his walker and was ordered to submit to restraints by Defendant Peace Officer Viloria. *Id.* at 11–12. Plaintiff attempted to tell Viloria that medical staff had determined and documented that he required waist chain restraints, but that Viloria grabbed Plaintiff's right arm, forced his body against the corridor wall, secured his left arm, and placed him in handcuffs, causing agony. *Id.* at 12–13. Plaintiff, "an elderly mobility-

26cv0229-WQH (DEB)

impaired ADA prisoner," without resisting and in agony, continued to ask for waist chains instead of handcuffs. *Id*. at 13. A yard down alarm sounded and Viloria used "various techniques" typically used "to gain compliance from combative prisoners," which caused Plaintiff's legs to give out. *Id*. at 13–14. Rather than try to hold Plaintiff up, Viloria yelled "stop resisting," and threw his body weight on top of Plaintiff, essentially tackling him. *Id*. at 14. Defendants Correctional Sergeants Eustaquio, Louie, Mansfield, Solano and Segovia responded to the alarm, and although they were not physically involved, they "failed to protect Plaintiff from the ongoing agonizing detention" by Viloria, who called for leg restraints. *Id*. at 15. Defendants Peace Officers Cuevas, Romo, Olmos, Ylv, Velasco, Romero and Galindo also responded to the scene and witnessed Plaintiff's condition. *Id*. at 15–16.

Plaintiff alleges that Defendant Registered Nurse Hernandez falsified or forged data concerning the incident, which deprived Plaintiff of the ability to preserve evidence to demonstrate the validity of the claims presented here and did not give Plaintiff "due medical consideration" for his injuries. *Id*. at 17. Defendant Dr. Blaicdel, for months after the incident, "refused to examine the extent of" Plaintiff's pain and suffering. *Id*. On October 30, 2025, Defendant Hearing Officer Lieutenant Reece rubber stamped a 115 rules violation report hearing during which Plaintiff was not allowed to call witnesses or examine evidence, resulting in a guilty finding on a false allegation. *Id*. at 17–18.

### C.      Discussion

#### 1.      *Count One – Incident on April 13, 2025*

With respect to the first incident, where Plaintiff tripped because of an unmarked ditch while walking across the yard, the Court held in its prior dismissal order that Plaintiff cannot state a federal constitutional claim arising solely from allegations of negligence or lack of due care in maintaining a hazardous condition or failing to post a warning sign. (ECF No. 7 at 8; *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (the standard for failure to protect a prisoner from unsafe conditions "describes a state of mind more blameworthy than negligence" and "more than ordinary lack of due care for the prisoner's interests or

26cv0229-WQH (DEB)

safety."); *see also e.g. Levy v. Department of Corrections of Washington*, 2013 WL 1855854, at \*2 (W.D. Wash. May 1, 2013) (finding no constitutional violation from trip and fall in sprinkler hole on recreation yard); *Coleman v. Sweetin*, 745 F.3d 756, 764 & n.7 (5th Cir. 2014) (collecting cases and noting that "prisoner slip-and-fall claims almost never serve as a predicate for constitutional violations.").) A failure of prison officials to protect an inmate from a dangerous prison condition rises to the level of a constitutional violation when two requirements are met: (1) the alleged failure to maintain safe conditions is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official must know of and disregard an *excessive* risk and fail to take reasonable steps to abate it. *Id*. at 837.

Plaintiff was instructed that if he wished to proceed with a 42 U.S.C. § 1983 claim based on his fall as a result of a dangerous condition, he must set forth facts which plausibly allege a Defendant was aware of facts from which they could draw an inference that the trench posed a substantial risk of serious injury to Plaintiff *and* actually drew such an inference, as opposed to simply alleging they knew or should have known it posed a danger. (ECF No. 7 at 8, citing *Farmer*, 511 U.S. at 834–35.) Plaintiff was also instructed that he must set forth facts showing he suffered a sufficiently serious injury, as opposed to a conclusory allegation that he suffered injuries which "required him to go to an outside hospital." *Id*. (citing *Farmer*, 511 U.S. at 834–38; *Iqbal*, 556 U.S. at 678).

In the FAC, Plaintiff has not cured either of those pleading defects. Plaintiff presents conclusory allegations regarding his injuries, alleging he was bruised "in multiple places including his face and scraping his shins and knees" so severely "that he required medical attention beyond the institution's medical clinical capacities." (ECF No. 8 at 10.) These conclusory allegations are insufficient to plausibly allege a sufficiently serious injury. *Farmer*, 511 U.S. at 834-35; *Iqbal*, 556 U.S. at 678.

Plaintiff also alleges that the design criteria for the path was required by CDCR regulations to be approved by officials such as Defendants Acevedo, Rayes, Martinez and Solano, and that they did so, or failed to maintain the path, in deliberate indifference to his

26cv0229-WQH (DEB)

safety because it presented a trip and fall hazard in a location where ADA accessibility is expected. (ECF No. 8 at 9–11.) Defendants' alleged violation of a CDCR regulation cannot form the basis of a § 1983 claim. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (allegations of violations of state prison regulations fail to plead a constitutional claim). As individuals, Defendants also cannot be held liable for an ADA violation. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002) ("[A] plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in [his] individual capacity to vindicate rights created by Title II of the ADA.")

Accordingly, Plaintiff fails to allege that any Defendant was aware of facts from which they could draw an inference that the ditch he tripped over posed a substantial risk of serious injury and that any Defendant actually drew such an inference. Plaintiff fails to state an Eighth Amendment deliberate indifference claim. *Farmer*, 511 U.S. at 834–35.

### 2. Count Two – Incident on August 28, 2025

The Eighth Amendment "places restraints on prison officials, who may not [] use excessive physical force against prisoners." *Farmer*, 511 U.S. at 832. "To sustain [an] excessive force claim," a plaintiff must show that the prison official's actions were "not a good faith effort to maintain or restore discipline" but, instead, that the prison officer "acted 'maliciously and sadistically for the very purpose of causing harm.'" *Simmons v. G. Arnett*, 47 F.4th 927, 932 (9th Cir. 2022) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). The Eighth Amendment also imposes a duty on prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). Prison officials have a duty to intercede when fellow officers violate the constitutional rights of a prisoner, but liability does not attach when officers lack a "realistic opportunity" to intercede. *Cunningham v. Gates*, 229 F.3d 1271, 1289–90 (9th Cir. 2000).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'"

26cv0229-WQH (DEB)

*Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Whitley*, 475 U.S. at 327). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action," and "[a]n inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (quoting *Hudson*, 503 U.S. at 9). However, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Hudson*, 503 U.S. at 9. The extent of an injury suffered by an inmate is one factor that may determine "whether the use of force could plausibly have been thought necessary" in the situation, "or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

With respect to the incident on August 28, 2025, Plaintiff alleges he was "given a direct order to 'submit to restraints'" by Viloria while returning to his cell. (ECF No. 8 at 12.) Plaintiff alleges that Viloria then exercised "unnecessarily aggressive control" while handcuffing Plaintiff, which caused "an exclamation of agony," and that Viloria then tackled Plaintiff "with force likely to cause serious bodily injury[,] especially to an elderly person." *Id.* at 13–14 (describing "the physical pain from the joint manipulation techniques," which "became unbearable to the Plaintiff[,] who was filled with terror"). The FAC does not allege that Plaintiff was injured because of the encounter. The FAC also lacks specific allegations regarding the circumstances of the encounter, other than that Plaintiff was charged with a prison rules violation, which led to his being handcuffed and taken to the ground. Plaintiff was previously informed, upon the Court's review of the Complaint, that such allegations are too vague and conclusory to plausibly allege that the use of force Viloria applied to Plaintiff "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." (ECF No. 7 at 10 (citations omitted).) Although the "absence of serious injury" does not preclude

26cv0229-WQH (DEB)

an excessive force claim, the "extent of injury may also provide some indication of the amount of force applied." *Wilkins*, 559 U.S. at 37. As alleged in the FAC, Plaintiff's description of Viloria handcuffing him, yelling for him to stop resisting, and falling on top of him without causing injury may indicate that the amount of force applied was unnecessary to control Plaintiff, but the facts do not plausibly allege that Viloria acted "maliciously and sadistically for the very purpose of causing harm." *Simmons*, 47 F.4th at 932; *see Wilkins*, 559 U.S. at 37 ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."). Accordingly, FAC fails to plausibly allege an Eighth Amendment claim. *Iqbal*, 556 U.S. at 678 (noting that a complaint is subject to dismissal for failure to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and the "mere possibility of misconduct" falls short of meeting this plausibility standard).

The allegations in the FAC regarding Defendants Eustaquio, Cuevas, Romo, Olmos, Ylv, Velasco, Romero, Segovia, Mansfield, Solano, Galindo and Louie failing to intervene also do not adequately state a claim at this stage because Plaintiff has not plausibly alleged an Eighth Amendment violation arising from his encounter with Viloria. If Plaintiff wishes to proceed with an excessive use of force or failure to protect claim against these Defendants, he must set forth non-conclusory factual allegations which plausibly allege that their actions or failure to act "evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

### 3.   *Count Three – Denial of Medical Care and Due Process*

Plaintiff alleges that Defendant Nurse Hernandez falsified or forged data concerning the incident, which deprived Plaintiff of the ability to demonstrate the validity of his claims and did not give Plaintiff "due medical consideration" for his injuries. (ECF No. 8 at 17.) Plaintiff also alleges that Defendant Dr. Blaicdel, for months after the incident, "refused to examine the extent of" his pain and suffering. *Id*.

The Eighth Amendment's prohibition on the infliction of cruel and unusual

26cv0229-WQH (DEB)

punishment creates an "obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 101–03 (1976). A prison official can be held liable only if he "knows of and disregards an excessive risk to inmate health and safety;" he "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Wilhelm*, 680 F.3d at 1122 (holding that a prisoner plausibly alleges an Eighth Amendment violation where a failure to treat a serious medical need "could result in further significant injury or the unnecessary and wanton infliction of pain" and "the defendant's response to the need was deliberately indifferent.") "[I]ndicia of a 'serious' medical need include (1) the existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, (2) the presence of a medical condition that significantly affects an individual's daily activities, and (3) the existence of chronic or substantial pain." *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994).

"Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment.'" *Colwell v. Bannister,* 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)). Deliberate indifference can also be shown where the chosen course of medical treatment was "medically unacceptable under the circumstances" and chosen "in conscious disregard of an excessive risk to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). However, allegations of inadequate medical treatment, medical malpractice, or even gross negligence by themselves do not rise to the level of an Eighth Amendment violation. *Farmer*, 511 U.S. at 835 (stating that "negligence in diagnosing or treating a medical condition" does not amount to deliberate indifference) (quotation omitted).

The allegation that Nurse Hernandez falsified or forged data concerning the incident and did not give Plaintiff "due medical consideration" for his injuries are too vague and conclusory to plausibly allege a claim. The Court previously stated that, if Plaintiff wishes to proceed with an Eighth Amendment claim for denial of medical care, he must set forth specific factual allegations which plausibly suggest a Defendant knew of and disregarded

an excessive risk to his health by showing they were "aware of facts from which the inference could be drawn" that Plaintiff faced "a substantial risk of serious harm" by the treatment they provided, and *actually* drew that inference when allegedly denying him medical care, including what care he needed but was refused. (ECF No. 7 at 13; *Farmer*, 511 U.S. at 837; *Iqbal,* 556 U.S. at 678 (the "mere possibility of misconduct" falls short of the plausibility standard).) The FAC fails to cure that pleading defect and does not plausibly allege an Eighth Amendment denial of medical care claim.

Finally, Plaintiff alleges that on October 30, 2025, Defendant Hearing Officer Lieutenant Reese rubber stamped a 115 rules violation report hearing during which Plaintiff was not allowed to call witnesses or examine evidence, resulting in a guilty finding on a false allegation. (ECF No. 8 at 17–18.) A prisoner is entitled to procedural protections when charged with a disciplinary violation, but only "when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* at 1077–78. A prisoner must show he was deprived of a liberty interest and that the procedures used were not constitutionally sufficient. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459–60 (1989).

Plaintiff has not plausibly alleged that he was deprived of a protected liberty interest because he has not provided any factual allegations describing the disciplinary proceedings or their consequences, other than he was found guilty on a false charge. *Sandin*, 515 U.S. at 486–87. Plaintiff cannot state a due process claim arising solely from an allegedly false disciplinary charge because a prisoner does not have a constitutionally guaranteed right to be free of a disciplinary charge based on false allegations. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (allegation of false evidence planted by prison guard does not state a constitutional claim

10

26cv0229-WQH (DEB)

where due process protections are provided)); *Murschel v. Paramo*, 2018 WL 539159, at *5 (S.D. Cal. 2018) (allegations that an RVR included false information does not state a claim under section 1983); *see Hanrahan v. Lane*, 747 F.2d 1137, 1140–41 (7th Cir. 1984) (noting that, as long as a prisoner is afforded procedural due process in a hearing, allegations of false or fabricated charges in a disciplinary proceeding fail to state a claim under § 1983).

For all the foregoing reasons, Plaintiff's FAC is dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failure to state a claim.

## D.    Leave to Amend

In light of Plaintiff's pro se status, the Court grants Plaintiff an additional opportunity to amend his Complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quote marks omitted).

Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be considered waived if not repled.) If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

## II.    CONCLUSION

Good cause appearing, the Court **DISMISSES** all claims against all Defendants in the First Amended Complaint (ECF No. 8) without prejudice and with leave to amend

pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) and **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint.

Plaintiff's Second Amended Complaint must be complete by itself without reference to any prior version of his complaint. Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute.

Dated:  June 23, 2026

Hon. William Q. Hayes
United States District Court

26cv0229-WQH (DEB)